UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE R. LEVESQUE,

                            Plaintiff,                    9:10-CV-0787
                                                                   (DNH/DEP)

   v.

CLINTON COUNTY, et al.,

                            Defendants.

---

APPEARANCES:                                         OF COUNSEL:

ANDRE R. LEVESQUE
Plaintiff, pro se

LEMIRE JOHNSON LLC                        GREGG T. JOHNSON, ESQ.
Attorney for Defendant Clinton County       APRIL J. LAWS, ESQ.
P.O. Box 2485                                            MARY ELIZABETH KISSANE, ESQ.
2534 Route 9
Malta, NY 12020

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     This action was filed by pro se plaintiff Andre R. Levesque pursuant to 42 U.S.C.

§ 1983 and the Americans with Disabilities Act asserting claims arising out of his confinement

at the Clinton County Jail. *See* Dkt. No. 1 ("Compl."). Plaintiff paid the filing fee for this

action in November 2010. Defendant Clinton County filed an answer to the complaint in

October 2011 after service of process. *See* Dkt. No. 22.

     In June 2013, the Report-Recommendation issued by Magistrate Judge David E.

Peebles (Dkt. No. 138) was adopted and plaintiff's remaining ADA claim was dismissed as a

sanction for his consistent and burdensome practice of filing threatening, vexatious, and

frivolous submissions in this case. Dkt. No. 153 (the "June Order").[1]  Judgment was duly entered on June 26, 2013. Dkt. No. 154. In a Decision and Order filed September 16, 2013, plaintiff's motion for reconsideration of the June Order was denied. Dkt. No. 171 (the "September Order").

On December 4, 2013, a notice of appeal was received from plaintiff for filing in this action, along with a motion for leave to appeal in forma pauperis and two letters requesting that his original submissions be returned to him. Dkt. Nos. 177-80.[2]  The notice of appeal is dated October 29, 2013 and is addressed to the "United States District Court" and the "Second Circuit Court of Appeals." Dkt. No. 179 at 5.[3]  Submitted with the notice of appeal was a copy of a November 14, 2013 letter addressed to plaintiff by the Second Circuit Administrative Manager returning plaintiff's "Motion to waive the $455.00 filing fee" (not attached) and advising plaintiff that if he was "filing a new notice of appeal it must be filed with the District Court of New York and not the U.S. Court of Appeals." Dkt. No. 179-1.[4]

By Mandate issued April 3, 2014, the Second Circuit concluded that plaintiff's notice of appeal was not timely filed. Dkt. No. 184. The Second Circuit also concluded that the notice of appeal "dated October 2013 could be construed as a timely motion for an extension of

---

[1] In a Decision and Order filed January 28, 2013, defendants' motion for judgment on the pleadings was granted, dismissing all of his claims other than his claim arising under Title II of the ADA. *See* Dkt. No. 89.

[2] Plaintiff's request for leave to appeal in forma pauperis and his requests for the return of his original submissions were denied on December 6, 2013. Dkt. No. 182.

[3] This first page of this submission bears a "Received" stamp with the date of November 4, 2013. Dkt. No. 179 at 1. However, the recipient of the submission is not identified. *Id.*

[4] This transmittal letter references only "Levesque v. Clinton" and does not include a case number. Dkt. No. 179-1 at 1. It is noted that plaintiff's request to appeal in forma pauperis, dated October 29, 2013 and entitled "Motion for the Court to waive the 455 filing fee," also bears a "Received" stamp with the date of November 4, 2013. *See* Dkt. No. 180.

2

time," and remanded the case to the undersigned "to consider whether Appellant's notice of appeal constituted a motion for an extension of time and, if so, whether the motion should be granted." *Id*.[5]

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides with certain exceptions not relevant in this action, that a notice of appeal in a civil action must be filed with the district court clerk within 30 days "after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).[6] Rule 4(a)(5) states that upon a showing of "excusable neglect or good cause" a district court may extend the time for filing an appeal.[7] A motion requesting such an extension must be filed no later than thirty days after the expiration of the appeal period set forth in Rule 4(a). Fed. R. App. P. 4(a)(5)(A)(i).

In this case, the thirty day period for filing an appeal from the September Order expired on October 16, 2013. The period for requesting an extension of the appeal period expired thirty days later, on November 15, 2013. Fed. R. App. P. 4(a)(5)(A)(i).

Here, it is found that plaintiff's notice of appeal may reasonably be construed as a request for an extension of the appeal period. Therefore, it must be determined whether that request was timely filed in advance of November 15, 2013 and, if so, whether "excusable neglect or good cause" exists for the requested extension. Fed. R. App. P. 4(a)(5).[8]

---

[5] In light of the remand, the Second Circuit did not decide plaintiff/appellant's motion for leave to appeal in forma pauperis. Dkt. No. 184 at 1.

[6] An appeal mistakenly filed in the court of appeals is sent by that court to the district court for filing and is considered filed in the district court on the date it was received in the court of appeals. Fed. R. App. P. 4(d).

[7] Rule 4 further provides that "[n]o extension . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

[8] Defendants' counsel strongly opposes an extension of the appeal period. Dkt. No. 187.

3

Under the "prison mailbox rule" the date of filing is deemed to be the date that the prisoner-plaintiff delivered his appeal to a prison guard for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (a pro se prisoner "files" his federal notice of appeal when he submits his papers to prison authorities for forwarding to the circuit court); *Burfeindt v. Postupack*, 509 F. App'x 65, 66 (2d Cir. 2013) (noting that the mailbox rule has been extended beyond notices of appeal). Absent evidence to the contrary, courts presume that the prisoner gave his submission to prison officials for mailing on the date that he signed it. *See Reid v. Donald*, No. 9:12-CV-0533 (TJM/DEP), 2013 WL 5437638, at *7 (N.D.N.Y. Sept. 27, 2013) (citing cases).

Here, while more than thirty days elapsed between the date plaintiff signed his notice of appeal and the date it was received by this Court, there is no evidence in the record which suggests that he did not submit it for mailing on that date or at the latest, on November 15, 2013. Thus, it is found that plaintiff's request to extend the appeal period was timely under the prison mailbox rule.

In determining whether a party seeking an extension of the appeal period pursuant to Rule 4(a)(5) has made the requisite showing of "excusable neglect or good cause," district courts consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of the delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the moving party has acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The most important factor is the reason for the delay. *See id.*; *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994). In this regard, courts have found that difficulties frequently

encountered by inmates, such as prison transfers, confinement in segregated housing units, and/or limited access to legal materials, especially when considered in light of their pro se status, constitute "good cause" for purposes of Rule 4(a)(5). *See Stephanski v. Superintendent of Upstate Corr. Fac.*, No. 02-CV-0562, 2007 WL 210399, at *1 (W.D.N.Y. Jan. 25, 2007) (citing cases).

Here, plaintiff states that in July 2013 he was experiencing severe mental distress and was transferred to Mid-Hudson Forensic Psychiatric Center ("MHFPC"), where he remained until approximately October 17, 2013. Dkt. No. 179 at 2.[9] In addition to being impaired by his mental illness, plaintiff states that he had no access to legal materials at MHFPC. *Id*.

Upon due consideration, it is found that plaintiff's notice of appeal, construed as a request for an extension of the appeal period, was timely filed, that he has demonstrated good cause for the requested extension, and that the brief delay occasioned by an extension of the appeal period is not reasonably likely to materially prejudice this proceeding.

Therefore, it is

ORDERED that

1. Plaintiff's notice of appeal (Dkt. No. 179), construed as a timely request under Fed. R. App. R. 4(a)(5) for an extension of time to file a notice of appeal from the September Order (Dkt. No. 171) is **GRANTED**; and

2. The Clerk serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

---

[9] Plaintiff returned to the Clinton County Jail. Plaintiff has since been released from custody.

_____
United States District Judge

Dated: May 19, 2014
       Utica, New York.